# Mahoning Creek Bridge.

*Bridges—County bridge—Inspection—Act of June* 13, 1836, *P. L.* 551.

When inspectors appointed under the Act of June 13, 1836, P. L. 551, have disapproved of a county bridge and have reported that an amount stated should be deducted from the contract price because of the failure of the contractors to fulfill the requirements of the contract, and the contractors have elected to show cause against the report, the court of quarter sessions has no authority to enter judgment against the contractors after hearing evidence on the rule; all that the court can do in determining "the matter as to justice and equity shall require," is to approve, modify, or disapprove and set aside the report. If the report is set aside, it may be referred to the same or a new board of inspectors.

Argued Jan. 12, 1904. Appeal, No. 61, Jan. T., 1904, by Levi Horn et al., from judgment of Q. S. Carbon Co., June T., 1900, No. 41, in matter of County Bridge on Mahoning Creek. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule to show cause why report of county bridge inspectors should not be approved. Before HEYDT, P. J.

From the record it appeared that the county of Carbon entered into a written contract with the appellants for the erection of a stone arch bridge for the sum of $4,600. Upon the completion of the bridge three viewers were appointed under the act of May 8, 1889, to inspect the bridge, who reported that the work had been completed in accordance with the plans and specifications, except at one point in the foundation and recommended a deduction of $92.00 from the contract price. This report was set aside and six inspectors were appointed under the act of June 13, 1836, who reported that they did not approve of the bridge, and recommended a deduction of $1,000 from the contract price by reason of the bridge not being built according to specifications, whereupon the court granted a rule upon the contractors "to show cause why said report should not be approved." Upon petition a number of taxpayers were permitted to become parties to the proceedings and defend the county. After hearing a large amount of testimony the court disregarding the report decided that the contractors, under the

law, were not entitled to recover, by reason of having failed to build the bridge according to the terms of the contract, and entered judgment in favor of the county.

*Error assigned* was the judgment of the court.

*Laird H. Barber* and *Edward M. Mulhearn*, for appellants.—The courts of quarter sessions do not have the power upon a rule, granted upon the contractors to show cause against a report of bridge inspectors, to disregard the report, and, applying the law relating to recovery upon contracts to their own findings of fact, enter judgment in favor of the county.

*Wm. G. Freyman*, with him *E. O. Northstein*, for appellee, cited: Broomall's App., 75 Pa. 173; Hague v. Philadelphia, 48 Pa. 527 ; Gillespie Tool Co. v. Wilson, 123 Pa. 19 ; Martin v. Schoenberger, 8 W. & S. 367 ; Hartman v. Meighan, 171 Pa. 46 ; Elliott v. Caldwell, 9 L. R. A. 52 ; Lehigh County v. Kleckner, 5 W. & S. 181.

OPINION BY HENDERSON, J., March 14, 1904 :

The appeal in this case brings up the record of the court of quarter sessions relating to the inspection of a county bridge.   The proceeding is under the Act of June 13, 1836, P. L. 551, which provides in section 41, that if the persons appointed to inspect a county bridge do not approve of the same they shall report to the court what sum ought to be deducted from the contract price, and thereupon the court shall grant ·a rule upon the builder or contractor " to show cause against the said report." It is provided in the 42d section that after the service and return of the rule, the builder or contractor may file a declaration or statement in the court of common pleas of the proper county upon the contract made with the commissioners, and thereupon proceed to trial in due course in like manner as if an action had been commenced by him against the county on the contract, " or at his election he may show cause against the said report, and thereupon the court shall determine the matter as justice and equity shall require." The inspectors having disapproved of the bridge and recommended that $1,000 be deducted from the contract price

because of the failure of the contractors to fulfil the require-
ments of the contract, the court granted a rule on the con-
tractors " to show cause why said report should not be ap-
proved," to which rule they made answer denying that the
bridge was defectively constructed.    The learned judge of the
court below being of the opinion that this procedure brought
the case before the court of quarter sessions for determination
on the question of the liability of the county to the contractors,
made the rule absolute and entered judgment in favor of the
county after hearing evidence on the rule.

The proceeding is one at law and is statutory, and the au-
thority of the court to enter such a judgment must be found in
the statute.    The subject for the consideration of the court
was the report of the inspectors:    The question raised by the
rule on the contractors was, shall the report of the inspectors
be approved.    Upon that issue was joined, and the burden of
proof was with the contractors.    The inspectors were invested
by the statute with power to examine and report, and, in case
of failure on the part of the contractors to fully perform their
contract, to state what amount should be deducted from the
contract price by reason of such failure.    Their finding that the
contract price should be reduced was in effect an amercement
of, or assessment of damages against, the contractors.    The
contractors were called upon to contend against this recom-
mendation of the inspectors.    The authority of the court was
therefore limited to the consideration of the report and to the
propriety of its approval.    The report is the foundation of the
proceeding, and we do not find anything in the statute which
permits the court to act in entire independence of it and to con-·
sider and dispose of the question of the right of the contractors
on their contract as if the proceeding were an action on the
contract in the court of common pleas.    It was not the inten-
tion of the legislature that when the subject was brought before
the court by the issue on the inspectors' report that report
might be disregarded and the whole question of the con-
tractors' rights decided by the court on evidence taken on a rule
to show cause.    The inspection and report would be of no legal
consequence if they might be thus disregarded.    The direction
of the statute that the court " shall determine the matter as
to justice and equity·shall require " means that the particular

subject shall have the consideration from the court which positive law and the principles of fairness demand. "The matter" referred to in the statute is the approval or disapproval of the report. This might be approved, modified, or disapproved and set aside, in which latter case the report might be referred to the same or a new board of inspectors, but, until the report is set aside, the action of the court is limited to its consideration. The contractors were not called upon to show cause why the county should not be relieved from the contract, nor do we find anything in the record from which it might be inferred that they understood that to be the issue which they were called upon to take up. We are of the opinion that the action of the court in entering judgment in favor of the county was not authorized in the pending proceeding. The rule was made absolute, however, and the record might be permitted to stand in that form were it not for the fact that the opinion of the learned judge of the court below indicates that the report was only approved because the effect of the judgment would be to avoid and set aside the report. The decree of the court should, therefore, be reversed in order that such action may be taken by the court as justice and equity shall require in accordance with the conclusions of this opinion.

The decree is reversed and a procedendo awarded.